IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JOANNE MARR,<br>    PLAINTIFF,<br><br>v.<br><br>INTERCAP SERVICES, LLC,<br>ALLIANT CAPITAL MANAGEMENT LLC, and<br>TRAVELERS CASUALTY & SURETY<br>COMPANY OF AMERICA,<br>    DEFENDANTS. | CASE NO.: 4:21-cv-51 |

## COMPLAINT AND JURY DEMAND

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of the violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Texas Finance Code by Intercap Services, LLC ("Intercap") and Alliant Capital Management LLC ("Alliant").

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that defendants transact business in this judicial district and a substantial portion of the acts giving rise to this action occurred in this District.

5. Plaintiff resides in this District.

### PARTIES

6. Plaintiff, Joanne Marr ("Plaintiff"), is an adult individual residing in Denton County, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

7. Alliant is a New York company.

8. As will be described below, Alliant purchased an Account allegedly owed by Plaintiff from a third-party for the purpose of collecting on that Account to make a profit.

9. The principal purpose of Alliant is the collection of debts by using the mails and telephone and other means.

10. Alliant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

11. Alliant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and as that term is defined by Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tx. Fin. Code § 392.001(7).

12. Alliant can be served in the state of Texas via its registered agent, C T Corporation System, 1999 BRYAN ST. SUITE 900 DALLAS, TX 75201.

13. Intercap is a New York company operating from the Getzville, New York area.

14. Intercap is not registered to do business in Texas, but can be served in accordance with Texas or New York law.

15. As will be described below, Intercap received placement of a past due account from Alliant and attempted to collect that account from Plaintiff.

16. As will be described below, Intercap directed communications to Plaintiff for the purpose of collecting the Account in question from him.

17. The principal purpose of Intercap is the collection of debts using the mails and telephone and other means.

18. Intercap regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

19. Intercap is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and as that term is defined by Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tx. Fin. Code § 392.001(7).

20. Defendant Travelers Casualty & Surety Company of America ("Travelers") is the surety company for the bond Alliant has on file with the Texas Secretary of State, bond number 7752241468TX.  Travelers is liable for acts committed by Alliant pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law.

21. Travelers is a foreign entity that can be served in the state of Texas via its registered agent, CORPORATION SERVICE COMPANY, at 211 EAST 7TH STREET, SUITE 620, AUSTIN, TX 78701.

**FACTUAL ALLEGATIONS**

22. At some time in the past, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account").  Specifically, plaintiff believes the account was a Check N Go payday loan obtained to pay for various personal effects, but was not used for any business or commercial purposes.

23. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

24. The Account allegedly went into default with the original creditor.

25. After the Account allegedly went into default, the Account was purchased by Alliant for collection.

26. Alliant placed the Account with, or otherwise transferred the Account to, Intercap.

27. Intercap then contacted Plaintiff directly to collect on the Account from Plaintiff.

28. On information and belief, Alliant maintained a financial interest in the Account at all times relevant hereto, such that Alliant would make more money if Intercap collected on the Account than it would make if Intercap did not collect on the Account.

29. Plaintiff admits the existence of the Account, but disputes the amount Intercap and Alliant attempted to collect from him.

30. Plaintiff requests that defendants cease all further communications regarding the Account.

31. Plaintiff called the original creditor and was directed to the purchaser of the Account, Alliant.  Alliant then directed Plaintiff to Intercap.

32. In the one year prior to the filing of this Complaint, in approximately June or July 2020, Intercap called Plaintiff and left the following voicemail for Plaintiff:

> Good afternoon. This message is solely intended for, and is going to serve at this point as necessary notification mandatory for the state of Texas within Denton County on behalf of Joanne Marr. She had your phone number as being listed through the district attorney's office as a point of contact to reach her. I don't know if it is a good contact number. My name is Danielle. I'm calling with the office of Gene Arigo and Associates. If either Joanne and/or an attorney, that she has representing her could please contact the office it would probably be in her best interest to do so. I have paperwork that was retained here in regards to a series of allegations. Date of birth I have is September 10th, 1993. Last four of the social ending in 0688. Client is asking, they're adamant about a recommendation being turned over to my outside attorneys network, as well as a motion to suppress video footage. So she will have up until Monday's scheduled date again for either herself and/or an attorney to please contact the office.

    Phone number is (979) 589-5539. File number regarding the matter is 30998491.

33. Intercap also called Plaintiff's parents, Plaintiff's mother-in-law and father-in-law and left voicemail messages conveying information similar to the information contained in the voicemail described above.

34. These communications by Intercap were false and deceptive as Plaintiff had not been and was not going to be sued on the Account, the district attorney was not involved, nothing involving any government office in Denton County, Texas was part of the collection of the Account, and no "outside attorneys network" was going to be used to collect the Account.

35. By making all of the statements detailed above, Intercap indirectly or directly told Plaintiff that a lawsuit had been filed or imminently would be filed against Plaintiff and by invoking "State of Texas within Denton County" and "district attorney's office" Intercap caused Plaintiff to believe that he was in danger of being criminally prosecuted on the Account.

36. The communications described above would cause the least sophisticated consumer to believe that a lawsuit had been filed or imminently would be filed against Plaintiff and by invoking "State of Texas within Denton County" and "district attorney's office" Intercap caused Plaintiff to believe that he was in danger of being criminally prosecuted on the Account.

37. All of the statements described above were made for the purpose of scaring Plaintiff into making a payment on the Account.

38. As of the filing of the original Complaint in this matter, no lawsuit has been filed against Plaintiff on the Account.  At the time Intercap made the statements detailed above, neither Intercap nor Alliant had any intent to sue Plaintiff on the Account.

39. In every communication with Plaintiff, Intercap failed to inform Plaintiff that Intercap was a debt collector, that Intercap was attempting to collect a debt and/or that any information obtained would be used for the purpose of debt collection.

40. In communications with Plaintiff, Intercap failed to provide meaningful disclosure of its identity.

41. Intercap never provided Plaintiff with notice of Plaintiff's rights to dispute the Account or request validity of the Account as required by 15 U.S.C. § 1692g.

42. Intercap's communications with Plaintiff's parents, Plaintiff's mother-in-law and father-in-law amounted to unlawful disclosures to third parties of the existence of Plaintiff's indebtedness without Plaintiff's authorization to do so.

43. Intercap's collection practices caused Plaintiff to suffer fear, anxiety, stress, sleeplessness, mental anguish, embarrassment, mild depression and/or distraction from normal life.

44. All of Intercap's collection attempts were directed toward Plaintiff without a surety bond on file with the Texas Secretary of state as required by Tex. Fin. Code § 392.101.

45. Intercap 's purpose for calling Plaintiff was to attempt to collect the Account.

46. The telephone calls described above each constituted a "communication" as defined by FDCPA § 1692a(2).

47. On information and belief, Alliant directly or indirectly, exerted influence over Intercap and caused Intercap to act in the manner that they did with respect to Plaintiff.

48. During all times pertinent hereto, Alliant (a) ratified the unlawful debt collection practices and procedures used by Intercap and its employees and agents in connection with their common efforts to collect consumer debts, and/or (b) had knowledge of, approved, participated in, ratified and benefitted financially from the unlawful debt collection practices used by Intercap and its employees and agents in attempts to collect an alleged debt from Plaintiff as alleged in this complaint.

49. The only reason that Intercap and/or its representative(s), employee(s) and/or agent(s) made telephone call(s) to Plaintiff was to attempt to collect the Account.

50. The only reason that Intercap and/or its representative(s), employee(s) and/or agent(s) had telephone conversation(s) with Plaintiff was to attempt to collect the Account.

51. All of the conduct by Intercap and/or Alliant and/or their employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

52. On information and belief, Alliant had actual knowledge that Intercap repeatedly or continuously engaged in acts or practices prohibited by Chapter 392 of the Texas Finance Code, specifically, but not limited to, collecting in Texas without a surety bond on file with the Texas Secretary of State.

53. As a consequence of Defendants' collection activities and communication(s), Plaintiff seeks damages and attorneys fees and costs pursuant to 15 U.S.C. § 1692k and damages, an injunction, attorneys fees and costs pursuant to Tex. Fin. Code § 392.403.

## RESPONDEAT SUPERIOR

54. The representative(s) and/or collector(s) at Intercap were employee(s) and/or agents of Intercap at all times mentioned herein.

55. The representative(s) and/or collector(s) at Intercap were acting within the course of their employment at all times mentioned herein.

56. The representative(s) and/or collector(s) at Intercap were under the direct supervision and control of Intercap at all times mentioned herein.

57. The actions of the representative(s) and/or collector(s) at Intercap are imputed to their employer, Intercap.

58. Alliant was aware of and profited from the collection methods and practices used by Intercap's employees.

59. The actions and inactions of Intercap, and its employee(s) and/or agents, are imputed to Alliant.

## COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. §1692, et seq.
## BY INTERCAP SERVICES, LLC

60. The previous paragraphs are incorporated into this Count as if set forth in full.

61. The act(s) and omission(s) of Intercap and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692c(b) and § 1692d generally and § 1692d(2)&(6) specifically and §1692e generally and specifically §1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11)&(13)&(14)and §1692g(a).

62. Pursuant to 15 U.S.C. §1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Intercap.

## COUNT II:  VIOLATIONS OF THE TEXAS FINANCE CODE
## BY INTERCAP SERVICES, LLC

63. The previous paragraphs are incorporated into this Count as if set forth in full.

64. The act(s) and omission(s) of Intercap and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code §392.101 and §392.301(a)(2)&(3)&(5)&(6)&(7)&(8) and §392.302(1) and §392.304(a)(1)&(4)&(5)&(8)&(14)&(16)&(17)&(19).

65. Pursuant to Tex. Fin. Code §392.403(a)(1), Plaintiff seeks an injunction against Intercap enjoining it from future violations of the Texas Finance Code as described herein.

66. Pursuant to Tex. Fin. Code §392.403(a)(2) Plaintiff seeks damages from Intercap.

67. Pursuant to Tex. Fin. Code §392.403(b) Plaintiff seeks attorney's fees and costs from Intercap.

68. Pursuant to Tex. Fin. Code §392.403(e), Plaintiff seeks statutory damages of not less than $100 for each violation of the chapter in which Tex. Fin. Code §392.403(e) is codified.

## COUNT III:  INVASION OF PRIVACY (INTRUSION ON SECLUSION)
## BY CAPITAL MANAGEMENT HOLDINGS, LLC

69. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Intercap is liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion).  Intercap intentionally caused the intrusion upon Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

70. Plaintiff suffered actual damages from Intercap as a result of the intrusion on Plaintiff's privacy.

## COUNT IV: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY ALLIANT CAPITAL MANAGEMENT LLC

71. The previous paragraphs are incorporated into this Count as if set forth in full.

72. By having a financial interest in Intercap's conduct toward Plaintiff and by ratifying Intercap's conduct toward Plaintiff, Alliant is liable for the act(s) and omission(s) of Intercap and their representative(s), employee(s) and/or agent(s) for violations of 15 U.S.C. § 1692c(b) and § 1692d generally and § 1692d(2)&(6) specifically and §1692e generally and specifically §1692e(2)&(3)&(4)&(5)&(7)&(8)& (10)&(11)&(13)&(14) and §1692g(a).

73. Pursuant to 15 U.S.C. §1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Alliant.

## COUNT V: VIOLATIONS OF THE TEXAS FINANCE CODE BY ALLIANT CAPITAL MANAGEMENT LLC

74. The previous paragraphs are incorporated into this Count as if set forth in full.

75. By having a financial interest in Intercap's conduct toward Plaintiff and by ratifying Intercap's conduct toward Plaintiff, Alliant is liable for the act(s) and omission(s) of Intercap and their representative(s), employee(s) and/or agent(s) for violations of Tex. Fin. Code §392.101 and §392.301(a)(2)&(3)&(5)&(6)&(7)&(8) and §392.302(1) and §392.304(a)(1)&(4)&(5)&(8)&(14)&(16)&(17)&(19).

76. Alliant is additionally liable to Plaintiff under Tex. Fin. Code §392.306.

77. Pursuant to Tex. Fin. Code §392.403(a)(1), Plaintiff seeks an injunction against Alliant enjoining it from future violations of the Texas Finance Code as described herein.

78. Pursuant to Tex. Fin. Code §392.403(a)(2) Plaintiff seeks damages from Alliant.

79. Pursuant to Tex. Fin. Code §392.403(b) Plaintiff seeks attorney's fees and costs from Alliant.

80. Pursuant to Tex. Fin. Code §392.403(e), Plaintiff seeks statutory damages of not less than $100 for each violation of the chapter in which Tex. Fin. Code §392.403(e) is codified.

## COUNT VI: INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY ALLIANT CAPITAL MANAGEMENT LLC

81. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Alliant is liable to Plaintiff for colluding with Intercap to invade Plaintiff's privacy (intrusion on seclusion). Alliant intentionally caused the intrusion upon Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

82. Plaintiff suffered actual damages from Alliant as a result of the intrusion on Plaintiff's privacy.

## COUNT VII: IMPUTED LIABILITY OF TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA FOR LIABILITY OF ALLIANT CAPITAL MANAGEMENT LLC

83. The previous paragraphs are incorporated into this Count as if set forth in full.

84. The act(s) and omission(s) of Alliant and its representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code §392.101 and §392.301(a)(2)&(3)&(5)&(6)&(7)&(8) and §392.302(1) and §392.304(a)(1)&(4)&(5)&(8)&(14)&(16)&(17)&(19) and §392.306 are imputed to Travelers pursuant to Tex. Fin. Code § 392.102.

85. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Travelers.

## EXEMPLARY DAMAGES

86. Exemplary damages should be awarded against Intercap and/or Alliant because the harm with respect to which Plaintiff seeks recovery of exemplary damages resulted from malice (which means that there was a specific intent by Intercap and/or Alliant to cause substantial injury or harm to Plaintiff) and/or gross negligence (which means that Intercap's and/or Alliant's actions and/or omissions (i) when viewed objectively from Intercap's and/or Alliant's standpoint at the time of the acts and/or omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others and (ii) were such that Intercap and/or Alliant had an actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others).

## JURY TRIAL DEMAND

87. Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following:

88. Judgment in favor of Plaintiff and against Intercap Services, LLC as follows:

    a. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d. Actual damages pursuant to Tex. Fin. Code §392.403(a)(2);

    e. Statutory damages of not less than $100 for each violation of the chapter in which Texas Fin. Code §392.403(e) is codified;

    f. An injunction permanently enjoining Intercap following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code §392.403(a)(1);

    g. Reasonable attorneys fees and costs pursuant to Tex. Fin. Code §392.403(b); and

    h. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996); and

    i. Such other and further relief as the Court deems just and proper.

89. Judgment in favor of Plaintiff and against Alliant Capital Management, LLC as follows:

    a. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d. Actual damages pursuant to Tex. Fin. Code §392.403(a)(2);

    e. Statutory damages of not less than $100 for each violation of the chapter in which Texas Fin. Code §392.403(e) is codified;

    f. An injunction permanently enjoining Alliant following trial of this cause from committing acts in violation of the Texas Finance Code as cited herein pursuant to Tex. Fin. Code §392.403(a)(1);

    g. Reasonable attorneys fees and costs pursuant to Tex. Fin. Code §392.403(b); and

    h. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996); and

    i. Such other and further relief as the Court deems just and proper.

90. Judgment in favor of Plaintiff and against Travelers Casualty & Surety Company of America as follows:

    a. Statutory damages in the amount of not less than $100 for each violation of Tex. Fin. Code chapter 392, pursuant to Tex. Fin. Code § 392.403;

    b. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

    c. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE WOOD FIRM, PLLC

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
11610 Pleasant Ridge Rd.
Suite 103 – Box 208
Little Rock, AR  72223
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@jeffwoodlaw.com
Attorney for Plaintiff